UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

**FILED**

2016 FEB 23  PM 2: 12

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY CLERK

| | | |
|---|---|---|
| NORMAN WATKINS, TDCJ # 1906326, | § § § | |
| Petitioner | § § | |
| v. | § § | Civil Action |
| | § | No. SA-15-CA-977-XR |
| WILLIAM STEPHENS, | § | |
| Texas Department of Criminal Justice | § | |
| Correctional Institutions Division Director, | § | |
| | § | |
| Respondent | § | |

# MEMORANDUM DECISION

Before the Court is Petitioner Norman Watkins' 28 U.S.C. § 2254 Habeas Corpus Petition and

Respondent's Answer seeking dismissal of the Petition for failure to exhaust State remedies.

Watkin's § 2254 Petition challenges his Comal County guilty plea to felony driving while

intoxicated in *State v. Watkins*, No. CR-2013-357 (Tex. 207th Jud. Dist. Ct., *jmt. entered* Dec. 16,

2013).  Watkins did not directly appeal his conviction.  Respondent moves for dismissal of the

Petition because Watkins' State habeas corpus application, in *Ex parte Norman Watkins*, No. WR-

82,645-1, is still pending in State court.  Watkins acknowledges, and the State record available on-

line shows, his State habeas corpus application is pending.

Section 2254(b) states "a writ of habeas corpus ... shall not be granted unless it appears that

the applicant has exhausted the remedies available in the courts of the State."  The exhaustion

doctrine is based on comity for state court processes and the principle that state courts should be

given the first opportunity to correct alleged federal constitutional violations.  *Rose v. Lundy*, 455

U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).  "[T]he federal claim must be fairly

presented to the state courts . . . [so that] the state courts have had the first opportunity to hear the

claim sought to be vindicated." *Picard v. Connor*, 404 U.S. 270, 275-276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by direct appeal or through a post-conviction writ application. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

The Texas Court of Criminal Appeals has not addressed Watkins' claims, and thus Watkins has not exhausted his State remedies. Watkins must exhaust his state remedies before seeking habeas corpus relief from this Court.

Accordingly, Respondent's Answer construed as a motion to dismiss is **GRANTED**, and Petitioner Watkins' § 2254 Petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies. All other pending motions are **DENIED** as moot.

**DATED:** February **23**, 2016

_____
**XAVIER RODRIGUEZ**
**United States District Court**